**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1477**

HAO CHEN,

             Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

             Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  December 16, 2009        Decided:  January 15, 2010

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jay Ho Lee, JAY HO LEE LAW OFFICES, LLC, New York, New York, for Petitioner.  Tony West, Assistant Attorney General, William C. Peachey, Assistant Director, Rebecca Hoffberg, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hao Chen, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision denying his applications for asylum, withholding of removal, and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a), (b) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006), and can establish refugee status based on past persecution in his native country on account of a protected

2

ground. 8 C.F.R. § 1208.13(b)(1) (2009). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Id.

"Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership in a particular social group, or political opinion." Gomis v. Holder, 571 F.3d 353, 359 (4th Cir. 2009) (internal quotation marks omitted), petition for cert. filed, Aug. 11, 2009 (No. 09-194). "This is a more stringent standard than that for asylum . . . . [and], while asylum is discretionary, if an alien establishes eligibility for withholding of removal, the grant is mandatory." Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353-54 (4th Cir. 2006) (internal citations omitted).

We review credibility findings for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer "specific, cogent reason[s]" for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989) (internal quotation marks omitted). "Examples of specific and cogent reasons include inconsistent statements, contradictory

evidence, and inherently improbable testimony[.]" Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks omitted).

We accord broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and cogent reasoning, it is not supported by substantial evidence. Tewabe, 446 F.3d at 538.

We affirm a determination regarding eligibility for asylum or withholding of removal if it is supported by substantial evidence on the record considered as a whole. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). We reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Because the Board added its own reasoning when it adopted the immigration judge's decision, we review both decisions. Niang v. Gonzales, 492 F.3d 505, 511 n.8 (4th Cir. 2007).

4

We find that substantial evidence supports the adverse credibility finding. It is reasonable to assume that Chen's original asylum application and statement would have contained the most pertinent details concerning his claim that he suffered past persecution. Chen's failure to include his claim that he was tortured with an electric baton, along with the immigration judge's finding regarding Chen's demeanor and the other specific reasons cited by the Board, all support the adverse credibility finding. The record does not compel a different result.

We further find that Chen failed to show he was prejudiced by any alleged due process error or that the immigration judge misapplied the standard for requiring corroboration. Accordingly, we find the Board's denial of Chen's applications for asylum and withholding of removal is supported by substantial evidence.[*]

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

PETITION DENIED

---

[*] Chen affirmatively waived any challenge to the denial of relief under the Convention Against Torture.